IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Reuben Jackson,** *on behalf of himself and all others similarly situated,* )<br><br>**Plaintiff,** )<br><br>v. )<br><br>**True Install LLC,** )<br><br>**Defendant.** ) | Civil Action No. _____<br>Jury Demanded |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Reuben Jackson (hereinafter, "Mr. Jackson"), on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendant True Install LLC (hereinafter, "True Install" or "Defendant"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Mr. Jackson bring this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Jackson bring this action, on behalf of himself and all others similarly situated, against True Install for unpaid overtime compensation, and related penalties and damages.

3. True Install's practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Mr. Jackson seeks, on behalf of himself and all others similarly

1

situated, declaratory relief; compensation for work hours for which he was unpaid or underpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Jackson is an adult resident of Lobelville, Perry County, Tennessee.

6. Plaintiff and those similarly situated to his are employees of Defendant for FLSA purposes.

7. Members of the collective action and/or prospective members are those current and former non-exempt employees of True Install who were not paid overtime wages for hours worked over 40 in a workweek.

8. Upon information and belief, Defendant True Install LLC is a Tennessee-based corporation, and may be reached for service through its registered agent, Arvin True, 4090 Highway 57, Counce, TN 38326-3054.

9. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

11. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Jackson's claims occurred in this District.

Doc ID: 4aca44c31681987224b205052171dd61400baebe

## REPRESENTATIVE ACTION ALLEGATIONS

13. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant for the last three years from the commencement of this action, who were not compensated at one and one half times the regular rate of pay for all work performed in excess of forty hours per week.

14. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are similar to collective action members or putative collection action members.

15. Plaintiff, collective action members, and putative collective action members are similarly situated because they worked as non-exempt employees for Defendant and were subject to Defendant's common practice, policy or plan of failing to pay overtime wages for all hours worked over 40 in a workweek.

## FACTUAL BACKGROUND

16. Mr. Jackson was hired by True Install on or about April 1, 2019.

17. Mr. Jackson's employment with True Install ended on or about February 14, 2020, when he was terminated.

18. Mr. Jackson held the position of Lead Man (construction/maintenance), and as such he should have been and was classified by True Install as non-exempt employees under the FLSA.

19. Mr. Jackson and those similarly situated were paid a daily rate of between $150 and $250 per day.

Doc ID: 4aca44c31681987224b205052171dd61400baebe

20. Mr. Jackson was paid a daily rate of $200.

21. Mr. Jackson and those similarly situated routinely worked in excess of 40 hours per week.

22. Mr. Jackson and those similarly situated were not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

23. True Install had the power to hire and fire Mr. Jackson and those similarly situated.

24. True Install controlled the number of hours Mr. Jackson and those similarly situated worked, as well as the rate and method of their payment.

25. True Install failed and refused to pay Mr. Jackson and those similarly situated overtime premiums for all hours worked over forty in any given workweek.

26. True Install knew or should have known Mr. Jackson and those similarly situated had worked overtime hours for which they were not paid.

27. Despite this knowledge, True Install willfully failed to pay Mr. Jackson and those similarly situated overtime pay for every hour worked in a workweek.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. Mr. Jackson realleges and incorporates all allegations above as if actually set forth herein.

29. At all relevant times, True Install was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

30. At all relevant times, True Install employed Mr. Jackson and those similarly situated.

31. At all relevant times, True Install had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

32. The FLSA requires each covered employer, such as True Install, to compensate all non-

Doc ID: 4aca44c31681987224b205052171dd61400baebe

exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

33. True Install willfully failed to pay Mr. Jackson and those similarly situated overtime pay for every hour worked in a workweek throughout the time in which they were employed by True Install.

34. As a result of True Install's failure to compensate Mr. Jackson and those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, True Install has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

35. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

36. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Jackson and those similarly situated to him pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid overtime premiums, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. Award Plaintiffs and those similarly situated costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

Doc ID: 4aca44c31681987224b205052171dd61400baebe

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiff Reuben Jackson as Representative Plaintiff of the putative members of the FLSA representative action;

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Doc ID: 4aca44c31681987224b205052171dd61400baebe

Respectfully submitted,

 s/Philip Oliphant
 Alan G. Crone, TN Bar No. 014285
 Philip Oliphant, TN Bar No. 025990
 THE CRONE LAW FIRM, PLC
 88 Union Avenue, 14th Floor
 Memphis, TN 38103
 800.403.7868 (voice)
 901.737.7740 (voice)
 901.474.7926 (fax)
 acrone@cronelawfirmplc.com
 poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: 4aca44c31681987224b205052171dd61400baebe

## **DECLARATION AND VERIFICATION**

  I, **Reuben Jackson**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____

**Reuben Jackson**

Date: 04 / 01 / 2020 _____

Doc ID: 4aca44c31681987224b205052171dd61400baebe


Audit Trail

| | |
|---|---|
| **TITLE** | Jackson - Complaint to review and verify |
| **FILE NAME** | Jackson, R. - FLS...be verified).docx |
| **DOCUMENT ID** | 4aca44c31681987224b205052171dd61400baebe |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

**SENT**
**04 / 01 / 2020**
16:52:10 UTC-6

Sent for signature to Reuben Jackson (reubennhollie@gmail.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED**
**04 / 01 / 2020**
17:47:30 UTC-6

Viewed by Reuben Jackson (reubennhollie@gmail.com)
IP: 107.77.235.76

**SIGNED**
**04 / 01 / 2020**
17:52:14 UTC-6

Signed by Reuben Jackson (reubennhollie@gmail.com)
IP: 107.77.235.76

**COMPLETED**
**04 / 01 / 2020**
17:52:14 UTC-6

The document has been completed.

Powered by HELLOSIGN